UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 17-cr-20399

v.

                              HON. MARK A. GOLDSMITH

SEAN PETRIE,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PRE-HEARING DISCOVERY (Dkt. 26)

This matter is before the Court on Defendant Sean Petrie's motion for pre-hearing discovery (Dkt. 26). The issues were fully briefed, and a hearing was held on November 21, 2017. For the reasons that follow, the Court denies Defendant's motion.

## I.     BACKGROUND

Defendant Sean Petrie is charged with two counts of Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 841(a)(1), one count of Felon-in-Possession of a Firearm, 18 U.S.C. § 922(g)(1), and one count of Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, 18 U.S.C. § 924(c)(1)(A). The Government alleges that, during a search of Petrie's residence, ATF agents discovered a gun and drugs.

On August 11, 2017, Petrie filed a motion to dismiss or, in the alternative, to suppress. See Mot. to Dismiss (Dkt. 20). The parties do not contest that, during the execution of the search warrant, only the beginning and ending of the conversation between Special Agent Michael Yott and Petrie was recorded by Agent Yott. During the missing middle portion, Petrie allegedly confessed to the crime in question. After taking the confession, Yott apparently discovered that

his audio recorder had not captured the conversation; he decided to ask Petrie to confirm the confession on tape after turning back on the recorder. In his motion to dismiss, Petrie argues that Yott threatened his girlfriend while the audio recorder was off, thus rendering his confession involuntary.

On November 15, 2017, less than a week before the hearing on the motion to dismiss, Petrie filed the instant motion for pre-hearing discovery. In this motion, Petrie claims that his attorney discovered, through informal conversations with another attorney, that Yott engaged in similar conduct during a different investigation. Due to the allegedly repeated nature of these incidents, Petrie requests that the Court either order the Government to conduct a review of Yott's cases or provide a list of Yott's cases to the defense so that it may conduct an investigation into other potential instances of misconduct.

## II.     ANALYSIS

"In most criminal prosecutions, three governing rules, (i) the Brady doctrine, Brady v. Maryland, 373 U.S. 83 (1962), (ii) Federal Rule of Criminal Procedure 16, and (iii) the Jencks Act, 18 U.S.C. § 3500, 'exhaust the universe of discovery to which the defendant is entitled.'" U.S. v. Watson, 787 F.Supp.2d 667, 672 (E.D. Mich. 2011), quoting U.S. v. Presser, 884 F.2d 1275, 1282 n. 12 (6th Cir. 1988). The Brady doctrine requires the Government to provide to the defense evidence that is both material and exculpatory, Brady, 373 U.S. at 87, and extends to evidence that could be used to impeach the credibility of a government witness, Giglio v. U.S., 405 U.S. 150, 154-55 (1972). Petrie argues that any instances where Yott failed to record a portion of an interrogation is Giglio material. Def. Mot. at 5 (Dkt. 26). The Government argues that the evidence Petrie seeks has no material impeachment value. Gov't Resp. at 3-4 (Dkt. 28).

Petrie has not established a sufficient factual or legal basis for this Court to order either form of relief that he requests. As a factual matter, it appears that Yott has participated in hundreds of cases. Gov't Resp. at 6. Yet Petrie has learned of only one other occasion when Yott supposedly had an issue with the suspect's interview not being properly recorded. This hardly raises the specter of a pattern of abuse by Yott that would justify forcing the Government to review hundreds of reports in investigations in which Yott played some role. While a court is empowered to order the Government to review its files to locate evidence that is material under <u>Giglio</u> when there is a credible basis to believe wrongdoing may have taken place, no such predicate has been established here.

And as for Petrie's suggested alternative relief – turning the files over to his counsel for review – such relief appears unavailable. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 59 (1987) ("A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [Government's] files.")

### III.     CONCLUSION

For the above stated reasons, Defendant's motion for pre-hearing discovery (Dkt. 26) is denied.

SO ORDERED.

Dated:  December 18, 2017                    s/Mark A. Goldsmith
Detroit, Michigan                                 MARK A. GOLDSMITH
                                                          United States District Judge

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2017.

                                                          s/Karri Sandusky
                                                          Case Manager